UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| James E. Noble, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) ) | Civil Action No. 17-1416 (UNA) |
| Bellinghausen Melody, | ) ) ) |  |
| Defendant. | ) |  |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

1

Plaintiff resides in Dallas, Texas.  He sues a doctor in Dallas, claiming that the doctor does not like black people.  How plaintiff reached that conclusion is unclear from the cryptic statements comprising the complaint.  The complaint simply fails to provide adequate notice of a claim.  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' . . . [or] tenders 'naked assertion[s]' devoid of 'further factual enhancement' " does not "suffice.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007); examining Fed. R. Civ. P. 8(a)).  Even if the complaint were adequately pled, it is unclear how this Court in the District of Columbia could exercise jurisdiction over the private defendant in Texas.  And since both parties are in Texas, and the alleged acts giving rise to the complaint occurred there, the U.S. District Court for the Northern District of Texas would be the appropriate venue to hear plaintiff's claims.  *See* 28 U.S.C. § 1391(b).  Hence, this case will be dismissed without prejudice.  A separate order accompanies this Memorandum Opinion.

/s/ Amy B Jackson
AMY BERMAN JACKSON
United States District Judge

DATE: August 10, 2017